IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cr-30045 |
| | ) |
| KEITH MELVIN, | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Keith Melvin's Amended Motion for Compassionate Release (d/e 38) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

### I. BACKGROUND

On October 31, 2018, Defendant pled guilty to possessing with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). On March 4, 2019, the Court sentenced Defendant to 180 months' imprisonment and 10 years of supervised release.

Defendant is currently incarcerated at FCI Big Spring and has

a projected release date of April 29, 2031.  As of August 3, 2020, the Bureau of Prisons (BOP) reports that, although six staff members at FCI Big Spring currently have COVID-19, none of the inmates at the facility currently have the disease.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 3, 2020).

On July 15, 2020, Defendant filed a pro se motion for compassionate release (d/e 36) pursuant to 18 U.S.C. § 3582(c)(1)(A).  Attached to this motion is Defendant's written request to the BOP for compassionate release, which was denied on May 27, 2020.

On July 17, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  Defendant, who is 60 years old, requests compassionate release based on his hypertension and the COVID-19 pandemic.  Defendant notes that he was hospitalized in 2018 due to problems with his hypertension. Defendant has completed educational and vocational programming while in BOP custody, has been assigned a low security level by the BOP, and has not been disciplined by the BOP since being

incarcerated for his instant offense.

Defendant proposes to live with his mother if released from custody. The United States Probation Office, in a Memorandum (d/e 41) addressing Defendant's request for compassionate release, concludes that Defendant's mother's house is a suitable residence for Defendant.

On July 20, 2020, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 39). The Government argues that Defendant's request for compassionate release should be denied because Defendant's hypertension appears to be under control and because none of the inmates in FCI Big Spring currently suffer from COVID-19.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory

language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation.  Social distancing can be difficult for individuals living in a prison.

However, Defendant's current circumstances do not warrant a reduction in his term of imprisonment.  Defendant is 60 years old, which places him at greater risk of severe illness from COVID-19 than someone who is younger than 60.  See Older Adults and COVID-19, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed August 3, 2020).

In addition, Defendant suffers from hypertension.  The CDC has taken the position that hypertension  may increase the risk that

COVID-19 poses to an individual.  Certain Medical Conditions and Risk for Severe COVID-19 Illness, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 3, 2020).  However, the CDC, at this time, does not consider a person whose only underlying medical condition is hypertension to be at higher risk for severe illness from COVID-19.  Clinical Questions About COVID-19: Questions and Answers, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed August 3, 2020).

Further, although six staff members at FCI Big Spring are currently suffering from COVID-19, none of the inmates at the facility currently have the disease.  And Defendant still has over 10 years to serve in BOP custody before he is set to be released.  The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Keith Melvin's

Amended Motion for Compassionate Release (d/e 38) and Defendant's pro se motion for compassionate release (d/e 36) are DENIED.

ENTER: August 3, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE